**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2935-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JONATHAN HAUGHEY-
MORALES, a/k/a
JONATHAN MORALES,
JONATHAN HAUGEY,
MARCO JIMENEZ, and
JONATHAN HAUGHEY,

     Defendant-Appellant.

_____

Argued October 31, 2023 – Decided December 15, 2023

Before Judges Whipple, Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 19-08-0882.

Kevin Scott Finckenauer, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Kevin Scott Finckenauer, of counsel and on the briefs).

Kaili Elizabeth Matthews, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Kaili Elizabeth Matthews, of counsel and on the brief).

PER CURIAM

Defendant Jonathan Haughey-Morales appeals from a judgment of conviction after a jury trial resulted in his conviction for the shooting death of Carlos Garcia. We affirm.

This case began on May 5, 2019, when Lilian Benavides was celebrating her seventieth birthday. At around 2:00 a.m., while partygoers were still celebrating, defendant began to bang on the door, while carrying a rifle. Alexsys Acosta opened the door, and defendant said he was looking for a man called Landy who was at the party. Defendant waited outside for Landy.

Once Landy came to the door, he and defendant began to argue. Acosta told Landy and defendant to keep it down, meanwhile Acosta also held other partygoers back as the situation was escalating. Landy took out his gun and waved it at the sky during his argument with defendant, but soon, Landy and defendant resolved their issue.

The peace was short lived as once Landy reentered the house, the defendant remained in the doorway even though Acosta told defendant to leave. Defendant, still holding the rifle, refused to exit the house and fired into the

2

entryway of the house. Defendant retreated, then returned and fired more shots into the entryway. Thereafter, defendant once again retreated then returned to a window and shot through the window. Four people were shot. However, only Garcia—one of the partygoers who was shot—died as a result of his gunshot wounds.

The following day, defendant, who was injured, was picked up by police in South Whitehall, Pennsylvania. He initially told police that he was attacked by kids in a "game" and thus was taken to the hospital. Defendant was later arrested and returned to New Jersey when police became aware defendant was wanted in connection with the shooting.

Defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2); three counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); second-degree possession of a rifle for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and third-degree possession of a rifle without a permit, N.J.S.A. 2C:39-5(c)(1).

Defendant was tried in absentia due to his multiple interruptive outbursts at trial. At various points defendant threatened the court, refused to get dressed to appear before the court, and disrupted the court proceedings. There was also ambiguity on the record of whether the issue of incapacity to stand trial was

3

properly preserved for appeal. On March 2, 2022, the jury found the defendant guilty on all six counts.

During the sentencing hearing, defendant's counsel asked for the court to apply mitigating factors four and eleven[1] asserting defendant had a mental health disorder demonstrated by defendant counsel's contact with defendant. The court found nothing on the record to establish defendant had a mental disorder and found no mitigating factors. The court found aggravating factors three, six and nine and imposed consecutive sentences utilizing the Yarbough guidelines. State v. Yarbough, 100 N.J. 627, 644 (1985). Defendant was sentenced to an aggregate term of seventy-one years. This appeal followed.

Defendant raises the following issues on appeal:

> POINT I: THE TRIAL COURT REVERSIBLY ERRED IN REFUSING TO INSTRUCT THE JURY ON PASSION/PROVOCATION MANSLAUGHTER WHEN THE SHOOTING WAS CLEARLY PROMPTED BY THE DRUNKEN AND PHYSICALLY AGGRESSIVE ACTIONS OF SEVERAL PARTYGOERS AGAINST [DEFENDANT].

---

[1] The two mitigating factors requested were: "(4) there were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense . . . ; (11) the imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents." N.J.S.A. 2C:44-1(b)(4) and (11).

POINT II: THE TRIAL COURT ERRED IN FAILING TO ORDER A COMPETENCY HEARING IN LIGHT OF THE SUBSTANTIAL EVIDENCE SUGGESTING [DEFENDANT] WAS UNABLE TO ASSIST IN HIS OWN DEFENSE OR PARTICIPATE IN THE PROCEEDINGS DUE TO MENTAL ILLNESS. (Not raised below).

    A. [Defendant]'s Extremely Aberrant Behavior, the Discussions of His Mental Health Problems, and His Complete Refusal to Communicate With His Attorney or Participate in the Proceedings Should Have Caused the Trial Court to Sua Sponte Order a Competency Hearing Prior to Trial.

    B. [Defendant]'s Continued Refusal to Communicate with His Trial Counsel or Appear at the Trial Where He Was Facing Life in Prison, His Continued Aberrant Behavior, and His Telling the Trial Court that He Suffered from Mental Illness Further Should Have Caused the Trial Court to Sua Sponte Order a Competency Hearing.

    C. The Detailed Discussion of [Defendant]'s Mental Health Issues at Sentencing, and Trial Counsel's Statement That They Contributed to His Lack of Ability to Participate In His Own Defense, Further Should Have Compelled the Trial Court to Hold a Competency Hearing.

POINT III: THE TRIAL COURT ERRONEOUSLY REFUSED TO FIND MITIGATING FACTORS THAT WERE SUPPORTED BY THE RECORD AND

5

FAILED TO EXPLAIN THE OVERALL FAIRNESS IN IMPOSING CONSECUTIVE SENTENCES, AS REQUIRED, RESULTING IN AN EXCESSIVE LIFE SENTENCE.

We first address our standard of review. Generally, if there is no objection to a jury instruction at the time it is given, then "there is a presumption that the charge was not error and was unlikely to prejudice the defendant's case." State v. Singleton, 211 N.J. 157, 182 (2012). If the defendant fails to object, then the appellate court reviews for plain error. State v. Singh, 245 N.J. 1, 13 (2021); R. 2:10-2. An error will be disregarded, unless doing so will produce an unjust result and the error raises "a reasonable doubt . . . as to whether the error led the jury to a result it otherwise might not have reached." State v Funderburg, 225 N.J. 66, 79 (2016) (alteration in original) (quoting State v. Jenkins, 178 N.J. 347, 361 (2004)). Otherwise, we apply the rational basis test in the case the trial court fails "to provide a jury instruction when defendant requested it." State v. Carrero, 229 N.J. 118, 128 (2017).

The trial court also makes the ultimate determination as to a defendant's competency, and our review of such determinations is "highly deferential." State v. Moya, 329 N.J. Super. 499, 506 (App. Div. 2000). If a trial court decides to not hold a competency hearing, we will not disturb that decision unless it is clear and convincing that "defendant was incapable of standing trial." State v.

<u>Lucas</u>, 30 N.J. 37, 73-74 (1959). There would need to be a "bona fide doubt" that defendant "failed to meet the competency standards." <u>State v. Harris</u>, 181 N.J. 391, 459 (2004).

The standard of review for a criminal sentence is an abuse of discretion. <u>State v. Whitaker</u>, 79 N.J. 503, 512 (1979). This standard also applies to decisions to impose consecutive sentences. <u>See</u> <u>State v. Spivey</u>, 179 N.J. 229, 244-45 (2004).

I.

Defendant argues the trial court should have supplied a provocation charge because when viewed in light most favorable to defendant, he was provoked and had no adequate cooling off period. Defendant further argues it was reasonable for him to have been provoked in his situation given the circumstances he was facing. He compares the facts of his case to <u>State v. Mauricio</u>, where an inebriated defendant was shoved out of a club by a bouncer. 117 N.J. 402, 404 (1990). He posits that, like <u>Mauricio</u>, he was provoked given the hostility he faced from the partygoers by being "forcibly ejected by a heavily inebriated group."

Based on our review, the evidence in this record is not sufficient to support a provocation charge. "[A] court 'shall not charge the jury with respect to an

7

included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.'" State v. Brent, 137 N.J. 107, 113 (1994) (quoting N.J.S.A. 2C:1-8(e)). Under this test, there must be a rational basis in the evidence for a jury to convict of a lesser offense. Id. at 113-14. We view the evidence in the light most favorable to the defendant. Carrero, 229 N.J. at 128.

Four elements are needed to warrant the passion/provocation manslaughter charge: (1) provocation must be adequate; (2) the defendant must not have had time to cool off between the provocation and the slaying; (3) the provocation must have impassioned the defendant; and (4) the defendant must not have actually cooled off before the slaying. Mauricio, 117 N.J. at 411. The first two elements are objective, the last two are not and thus should be left to the jury. Id. at 413. For provocation to be adequate, a reasonable person would need to have been provoked beyond their control. State v. Canfield, 470 N.J. Super. 234, 275 (App. Div. 2022). A battery, except for a "light blow," can be considered sufficiently provocative. State v. Robinson, 136 N.J. 476, 492 (1994). The adequacy of the provocation depends on the proportionality of the response and a disproportionate response will preclude finding that provocation was adequate. State v. Darrian, 255 N.J. Super. 435, 449 (App. Div. 1992).

Utilizing this standard, the defendant's argument is unavailing.[2] For there to be adequate provocation a reasonable person would need to have been provoked "beyond the power of his . . . control." Canfield, 470 N.J. Super. at 292. Here, the uninvited defendant approached the house with a rifle at two in the morning while the family was celebrating a birthday. He argues the partygoers were hostile, with multiple combative partygoers forcibly ejecting him. However, defendant was the one with a rifle, and instead, the partygoers were visibly trying to push defendant away from the door as he continued to try to get into the house. Evidence in the record demonstrates Acosta was trying to deescalate the situation by coaxing the partygoers back into the house.

Even if we were to accept the dubious assertion that defendant was pushed, instead of being lightly moved away from the door as Acosta continuously asked defendant to "get the f[***] out of [the] house," defendant accosted Acosta with the rifle in his hand. The encounters do not demonstrate defendant was being provoked in such a way that a reasonable person would

---

[2] Defendant asks us to follow State v. Coyle, asserting the State can secure a conviction for murder only if it proves beyond a reasonable doubt that the killing was not a product of provocation. 119 N.J. 194, 221 (1990). However, N.J.S.A. 2C:11-4(b)(2) is meant to provide a lesser-included offense in the case that the homicide is committed in the heat of reasonable provocation. See State v. Galicia, 210 N.J. 364, 378-79 (2012).

lose control.  In addition to the lack of provocation, defendant did not flee after he was pushed out of the house.  Instead, his response was not proportional since he raised his rifle and fired multiple times into the house.  See Darrian, 255 N.J. Super. at 449.  This disproportional response precludes the finding of provocation.  Therefore, the passion/provocation charge was not warranted.

Moreover, even if we were to accept there was sufficient provocation, there was time for the defendant to cool off before he began shooting.  A "trial court may withhold instructions if there was undeniably a reasonable cooling-off period."  Mauricio, 117 N.J. at 413.  Once defendant was told to leave the house, Landy was no longer waving his own gun at defendant, and defendant began to retreat.  Instead of leaving, defendant returned to shoot at the house multiple times when no one else was posing a threat or approaching him.

## II.

We also reject the argument the court should have sua sponte requested a competency hearing for defendant.  Defendant argues that his behavior, along with his refusal to cooperate with his counsel, refusal to attend court, flooding his holding cell, and his discussions with counsel regarding mental health problems, demonstrated he suffered from a mental illness and necessitated the court conduct a competency hearing to ensure defendant's ability to stand trial.

A-2935-21

Defendant argues, citing State v. Gorthy, his inability to "assist in his own defense" should have shown that his mental condition precluded a meaningful interaction with his attorney, and required the court to conduct a hearing to ensure defendant's competency. 226 N.J. 516, 530 (2016).

N.J.S.A. 2C:4-4(a) states that "[n]o person who lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as such incapacity endures." Under N.J.S.A. 2C:4-4(b), in general, a defendant is competent if proofs establish that defendant has: (1) the mental capacity to understand his presence in relation to time, place and things, and (2) he comprehends that he is in court, with a judge, he is being charged, that a lawyer will assist him in his defense and that he can participate in an adequate presentation of his defense.

A competency hearing shall be held if there is "bona fide doubt" regarding a defendant's competency to stand trial. State v. Lambert, 275 N.J. Super. 125, 128 (App. Div. 1994) (citations omitted). Where defendant challenges a court's decisions to not sua sponte order a competency hearing, the standard of review "is a strict one." Harris, 181 N.J. at 458 (citing Spivey, 65 N.J. at 37). Our review of the trial court's failure to sua sponte order a competency hearing is

11

highly deferential. <u>Moya</u>, 329 N.J. Super. at 506. The test to determine competence is not "fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed." <u>Lambert</u>, 275 N.J. Super. at 129. Furthermore, a defendant's counsel finding "no reason to question [a defendant's] competency must be given substantial weight." <u>Harris</u>, 181 N.J. at 458.

The defendant's assistance of his own defense does not require him to understand legal questions but to assist in the account of the facts, witnesses, and other trial related information. <u>See</u> <u>Gorthy</u>, 226 N.J. at 532. Refusing to attend court or speak with his attorney is not sufficient to call into question the defendant's mental health, as it does not demonstrate he cannot appreciate the proceedings. Defendant understood he was in court and the nature of the proceedings. Defendant also responded accordingly when asked questions about the trial during jury instructions and stated he understood that disruptive behavior would lead to his removal from the courtroom. Thus, if defendant could understand basic elements of the proceeding, then defendant can be considered competent.

Defense counsel stated during the sentencing that defendant understood what was going on around him and defense counsel never believed defendant's

competency was an issue to be raised at trial. Since defense counsel is in the best position to assess defendant's competency, counsel's failure to raise the competency issue supports the absence of any evidence that defendant was incompetent. See Harris, 181 N.J. at 458. Nor does defendant's disruptive behavior warrant the court to order a competency hearing. See Harris, 181 N.J. at 453. We discern insufficient evidence in the record to raise a bona fide doubt that defendant failed to meet the competency standards in N.J.S.A. 2C:4-4(a).

## III.

Defendant argues that the trial court's refusal to find mitigating factors was erroneous. Our review of sentencing is under an abuse of discretion standard. State v. Robinson, 217 N.J. 594, 603 (2014). Defendant's argument is unavailing, as the trial court is not required to find mitigating factors but has discretion weighing the factors. See State v. Case, 220 N.J. 49, 68-69 (2014). The trial court sufficiently explained why it did not find for the mitigating factors requested, as these factors were not supported by the record. During sentencing, the trial court also discussed each mitigating factor not limited to the factors requested by defendant.

Defendant argues the trial court erred in imposing consecutive sentences and did not thoroughly explain its decision when reviewing the Yarbough factors

A-2935-21

and failed to consider the overall fairness of an aggregate sentence in rendering its decision.  See State v. Torres, 246 N.J. 246, 268 (2021).

Defendant's Yarbough arguments are not persuasive.  However, defendant and the State are correct that a remand is required for the sole purpose of conducting a fairness finding under Torres.

Affirmed in part and remanded for the limited purpose of rendering a fairness determination under Torres, 246 N.J. at 268.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2935-21